94   361
e103  384
103   724

## Richmond.

MOROTOCK INSURANCE COMPANY *v.* FOSTORIA NOVELTY COMPANY.

March 18, 1897.

1. FIRE INSURANCE— *Warranties* —Parties are not held to have entered into warranties unless they clearly so intended, and, if a policy of insurance is so framed as to render it doubtful whether the parties intended that the exact truth of the applicant's statement shall be a condition precedent to any binding contract, that construction which imposes upon the assured the obligation of a warranty should not be favored.

2. FIRE INSURANCE— *Warranties—Burden of proof.*—In an action upon a fire insurance policy the burden of proof is on the defendant to show a breach of affirmative warranties—mere statements of existing facts—by the plaintiff in his application for the insurance. It is not incumbent on the plaintiff to allege such warranties and aver their performance. They are not conditions precedent to his right of recovery.

3. EVIDENCE—*Illegal evidence—When harmless error.*—Although a question asked a witness, and his answer thereto, are illegal and improper, yet if the propounder's case has been completely made out without such question and answer, and the admission of the answer did not and could not affect the result, it is harmless error, and the Appellate Court will not, for this cause, reverse the judgment of the lower court.

4. FIRE INSURANCE—*Over-valuation of property.*—If the insurer of property is only liable for the actual cash value, the amount of the insurance or the value of the property is not material. Furthermore, an overvaluation to avoid a policy must be intentional and fraudulent, and not a fair expression of an honest opinion, and the fact that the property is considerably over-valued does not of itself establish such fraud on the part of the assured as will avoid the policy.

Error to a judgment of the Corporation Court of the city of Danville, rendered October 10, 1894, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Withers & Withers* and *Berkley & Harrison*, for the plaintiff in error.

*Peatross & Harris*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This was an action on a policy of fire insurance issued by plaintiff in error.

The defences relied on were:

First, That the policy sued on had been cancelled.

Second, Over insurance.

Third, Fraudulent representations in procuring policy.

Fourth, Excessive and fraudulent representations of value of property in application, which induced defendant company to issue the policy.

The plaintiff in error is before this court as demurrant to the evidence, and, under the rule applicable in such cases, the evidence wholly fails to sustain the contention that the policy had been cancelled.

There is no evidence of over insurance and that defence is abandoned at bar.

The third and fourth defences will be considered together. The statements claimed to be untrue were made by the defendant in error in its application for a policy of insurance sued on, and were, first, that the value of the property to be insured was $25,000 and over; and second, that five other companies, naming them, had insurance on the property. The case seems to have proceeded in the court below upon the theory that these statements were representations, until an instruction offered by the plaintiff in error, which was refused, disclosed the contention now relied on that they were warranties. There was a printed slip attached to the policy, filled up by the insured, distributing the insurance asked for

over the several classes of property to be protected, in which this clause appears: "Special reference be had to assured's application and survey No. —, which is their warranty, and a part hereof." In the policy this clause occurs: "If an application, survey, plan, or description of property be referred to in this policy it shall be a part of this contract, and a warranty by the insured."

The evidence does not show that the statements made in the application were untrue. It is, however, earnestly contended by the plaintiff in error that these statements were warranties, and that therefore the burden is upon the plaintiff below to prove the truth of the statements made in the application in the first instance, as a prerequisite to the right to recover.

It is often difficult to determine whether statements on the part of the insured are representations or warranties. Parties will not be held to have entered into the contract of warranty unless they clearly intended it, and if a policy is so framed as to render it doubtful whether the parties intended that the exact truth of the applicant's statements should be a condition precedent to any binding contract, that construction which imposes upon the assured the obligation of a warranty should not be favored. *National Bank* v. *Ins. Co.*, 95 U. S. 673. It is not necessary, however, to decide whether these statements are warranties or not, for, granting that they are warranties, there is no evidence to establish either their truth or falsity, and therefore the controlling question to be determined is, upon whom does the burden of proof rest.

The contention of the plaintiff in error, that the burden of proof is upon the plaintiff in the court below, is not supported by the best reason or weight of authority. The application for insurance was in the possession of the plaintiff in error. It was produced and filed as an exhibit with the deposition of one of its witnesses, and, while referred to in the policy

as part of the contract, it formed no part of the plaintiff's case. It was not the duty of the plaintiff to set out the application in the declaration, or to prove the truth of the statements therein, but it was incumbent upon the defendant below, if it relied on the fact, to show that the statements made in the application were untrue. Neither of those statements were conditions precedent which had to be performed before the agreement of the parties became a valid and binding contract. If warranties at all, they were affirmatory—mere statements of existing facts—and we know of no rule that imposes upon the plaintiff the burden of proving the truth of this class of warranties as a prerequisite to the right to recover.

In the case of *Swick* v. *Home Ins. Co.*, 2 Dillon C. C., 166, where the alleged breach of warranty was as to the statement of existing facts, it is said, "the statements and declarations in the application are warranties, and the defence here is that there has been a breach of some of these warranties. Where a party relies on the breach of such a warranty he must establish it by evidence. This may not be the rule as to promissory warranties—that is, where the party warrants that he will thereafter do, or will refrain from doing, something stipulated in the policy as to the future." See also *Piedmont Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Insurance Co.* v. *Gridley*, 100 U. S. 614; *Mutual Life Ins. Co.* v. *Daly*, 65 Ind. 10; *Mutual Insurance Co.* v. *Hazelett*, 105 Ind. 220; *Redman* v. *Insurance Co.*, 49 Wis. 431.

The case last cited is directly in point, and is a most satisfactory and conclusive discussion of the question under consideration. After quoting 1 Chitty on Pleading, pp. 225-6, and 311, and Gould on Pleading, secs. 17, 19, 20, and 21, to show what must be alleged in an action on contract, and what need not be, the court says:

"From the foregoing authorities and principles we deduce the proposition that, while the plaintiff in an action on con-

tract must allege and prove performance of conditions prece-
dent to the existence of the contract (if there are any), and
must allege an exception in the body of the contract, and ex-
clude it from the assignment of the breach of the contract,
he is not required to allege conditions subsequent, and prove
performance of them.    Neither is the plaintiff required to al-
lege mere warranties made by him of existing conditions, and
negative a breach of such warranties.    These are not condi-
tions precedent, within the meaning of that term as used in
the law.    A condition precedent calls for the performance of
some act, or the happening of some event after the terms of
the contract have been agreed upon, before the contract shall
take effect.    That is to say, the contract is made in form,
but does not become operative as a contract until some future
specified act is performed, or some subsequent event occurs.
Hence it is said, "a condition precedent doth get and gain
the thing or estate made upon the condition, by the perform-
ance of it; as a condition subsequent keeps and continues
the estate by the performance of the condition."    Jacob's
Law Dic., title "Condition."

A warranty is different.    Take for example a warranty by
the vendor on the sale of a horse, that the animal is sound.
That is an undertaking that a certain condition of things ex-
ists when the contract is made.    In an action by the vendor
for the price of the horse, it will not be claimed that he must
aver the warranty, and negative the breach of it.    If the
horse was unsound, it is matter of defence, and must be aver-
red and proved by the purchaser.    This is so because the un-
dertaking that the animal was sound is a mere warranty, and
not a condition precedent to the validity of the contract.
But in a contract for the sale of the horse, absent on a
journey, on condition that the animal return safely from the
journey, the safe return of the horse is a condition precedent
to the existence of the contract of sale, and hence the vendor

cannot enforce the contract without averring and proving that the condition has been fulfilled.

We have been referred to no case which holds directly that a warranty of the existence of a certain state of facts at the time of making a contract, is a condition precedent to the contract; and we are not aware of any rule of law upon which such an adjudication could be upheld.

We have not overlooked the difference in the consequences of a breach of the ordinary warranty that certain facts exist, for which compensation may be made in damages, and of a similar warranty, which, by the terms of the agreement, forfeits the contract; yet we do not think such difference converts the latter class of warranties into conditions precedent. Although a breach of such warranty forfeits the contract, still it lacks an essential element of a condition precedent, in that it contains no stipulation that an event shall happen or act be done, after the agreement is made in form, before it shall take effect as a contract. The contract, by its terms, takes effect *in præsenti*, subject to be defeated by proof of the breach of the warranty.

In the light of the rules of law above stated, it was not incumbent upon the plaintiffs to set out in their complaint and prove the contents of the application for insurance, nor to prove in the first instance performance of any of its conditions, or the truth of statements contained therein of existing facts unless such application contained conditions precedent.

No extended reference to the cases cited to show that it was incumbent on the plaintiffs to aver and prove in the first instance performance of the conditions in the application, is deemed neessary. The strongest cases in that direction are *Bidwell* v. *Ins. Co.*, 3 Sawyer (9th Circuit U. S.) 261 and *Bobbitt* v. *Ins. Co.*, 66 N. C. 70 (8 Am. R. 494). So far as these cases go upon the ground that the plaintiff must aver the whole of the contract, they are sufficiently answered by the above quotations from Chitty and Gould. But it is be-

lieved these decisions were made without due regard to the vital distinction between conditions precedent and mere warranties of existing facts or circumstances, hereinbefore discussed; and a disregard of this distinction has doubtless betrayed some of the late text writers into the use of loose and inaccurate language in respect to the nature and effect of certain conditions in insurance contracts.

As was intimated by the late Mr. Justice Paine, in *May* v. *Buckeye Ins. Co.*, 25 Wis. 291, "it would be intolerable to require the plaintiff, in an action on an insurance policy, in the first instance, to prove affirmatively the truth of every statement usually contained in an application for insurance, of the situation and condition of the property insured. Certainly such has not been the practice in this State, so far as we are advised; and we do not think the bar or courts of the State have ever supposed or understood that the law casts so heavy a burden upon the plaintiff in such cases.

"If the plaintiff be held to show affirmatively the performance of conditions precedent proper, leaving it to the defendant to aver and prove breaches of mere warranties and conditions subsequent, we think the ends of justice will best be promoted. Certainly the practice will be in accord with the settled rules of pleading and evidence."

F. K. Hogue, representing one of the companies involved, who was present with other agents after the fire, adjusting the loss, was introduced as a witness for the plaintiff, and was asked by counsel for the plaintiff how he had obtained information from which the loss and the amounts due from each and all the companies was made out and fixed. Whereupon the witness answered that he had obtained such information from the books and memoranda of the plaintiff company, and from statements of the local insurance agents in Fostoria, who stated in a meeting with himself that they represented the companies having the insurance on the property burned, Alonzo Emerine saying that he was the agent of the

Morotock Insurance Company; whereupon the defendant by counsel objected to the answer of the witness, and the court overruled the objection, and permitted the question and answer to go to the jury. This ruling is assigned as error. There was no valid objection to this question and answer, and the exception was properly overruled.

The same witness was asked by counsel for plaintiff if it was not a fact that part of the stock of the plaintiff company had been sold before the fire occurred which destroyed the building, stock, and machinery of the company. To which question the defendant, by counsel, objected, unless the witness could answer the question of his own knowledge; thereupon the witness said that such objection would exclude him from testifying at all, as he had no personal knowledge, but that he had the information that he had gotten from the books and memoranda of the plaintiff company, and the examination made in the adjustment. The court admitted the question, and the witness answered it in the affirmative. Exception was duly taken, and this ruling is assigned as error.

One of the grounds of defence was misrepresentation as to value, and the object of this question was to show that part of the property had been sold between the date of the policy and the date of the fire, in order to account for the difference in value as stated in the application and the estimated value after the fire. It was error to admit the evidence of the witness on this point for the reason that it was in part hearsay, and, as to the contents of the plaintiff's books, not the best evidence attainable on that subject. It was, however, harmless error, for the reason that the plaintiff's case was completely made out without it, and its admission did not and could not affect the result.

The evidence clearly shows that there was no fraudulent purpose in estimating the value of the property in the application, and the president of the defendant company testifies that he was not influenced by the value put upon the prop-

e rty in issuing the policy.    It further appears that at no tim
was there as much insurance on the  property as the value at
the time of the fire, and the policy contains a provision that
the company cannot be held liable for more than the actual
cash value of the property.    If the insurer, by the terms of
the policy, is only liable for the actual cash value, the amount
of insurance or the real value of the property is not material.
Wood on Fire Ins. (2d ed.), sec. 235.

The overvaluation must be intentional and fraudulent, and
not a fair expression of the honest judgment of the insured,
and the fact that the property is considerably overvalued
does not of itself establish such fraud on the part of the as-
sured as avoids the policy.    The value of property, especially
of real property, is always to a considerable extent a matter
of opinion and judgment, about which men differ widely and
honestly.    To hold that the insured forfeits his policy because
he may have innocently placed an overvaluation upon his
buildings or his goods, is to lay down a rule which is preg-
nant with mischief and abhorent to every right-thinking
mind.    *Lynchburg Fire Ins. Co.* v.  *West,* 76 Va. 575.

There is no error in the judgment of the court below to the
prejudice of the plaintiff in error, and it is affirmed.

*Affirmed.*