# CIRCUIT COURT OF FAIRFAX COUNTY

Nina E. Rosen

v.

William Carl Smith

September 13, 2002

Case No. (Chancery) 177556

BY JUDGE GAYLORD L. FINCH, JR.

This case came before the Court on Complainant's Motion to Enforce Private School and College Expenses for the minor child, Ryan Eve Smith, as set forth in the Property Settlement Agreement executed by the parties on September 29, 1983. This Court heard oral testimony by William Carl Smith, Nina E. Rosen, and Ryan Eve Smith, all of whom testified under oath. This Court also received into evidence several exhibits, including letters written by Nina Rosen to William Smith regarding various issues relating to the private school chosen by Ms. Rosen for the minor child to attend and the costs associated with this school. The Court has also read the PSA at issue here as well as the briefs submitted by both parties.

The testimony before the Court and the briefs submitted by both parties raise two main issues. First, is Mr. Smith's "approval" of schools chosen for the child a condition precedent of the contract; and, second, if there was a condition precedent, did Mr. Smith waive his approval by failing to express his disapproval?

For the reasons set forth in this opinion, the Complainant's Motion to Enforce is granted.

The basic underlying facts were stipulated to by counsel at oral argument. On September 20, 1983, after twenty months of marriage, Nina E. Rosen and

William Carl Smith separated. At the time of the separation, the only child of the marriage was Ryan Eve Smith (hereafter, "Ryan"), who was then nine months of age. Ms. Rosen then presented Mr. Smith with a Property Settlement Agreement (hereafter, "PSA" or "Agreement") prepared by her attorney, which Mr. Smith signed almost immediately. The Agreement now at issue was executed by the parties on September 29, 1983. By admission of both parties, the Agreement has never been modified and, to the knowledge of this Court, has not been challenged before in a court of law. The particular paragraphs of the PSA now at issue are numbers 18 and 19. The language of the contested paragraphs, transcribed to the best of the Court's ability, given that handwritten notations were included in the margins, is as follows:

18. The parties further covenant and agree that should the wife desire that the minor child of the parties attend a private pre-school or private elementary school or a private high school, or vocational or technical training school, that then and in that event, subject to husband's approval of such school which approval shall not be unreasonably withheld, the husband that he shall [*sic*] pay the entire cost of such education, including tuition and fees, room and board, books, transportation, and any fees and costs associated with any extra-curricular activities in which the child participates in addition to those payments heretofore provided for the said child.

19. The husband hereby agrees that he will provide the child with the expenses of her higher education beyond secondary schooling. Accordingly, subject to husband's approval of such school which approval shall not be withheld, the husband agrees to pay all tuition and fees, room and board, expenses for books, a reasonable amount for clothing, other necessities and travel. The husband's obligation as set out in this paragraph shall not exceed the conclusion of the child of a master's degree program at an accredited college or university.

The parties have stipulated that the minor child, Ryan Eve Smith, did in fact attend private schools (as was her right according to the PSA) until her graduation. Upon graduation from the Bullis School in 2001, Ryan chose to attend the College of Charleston, located in South Carolina, in which she enrolled in the spring of 2001. Both parties agree that Mr. Smith duly paid the private school tuition for Ryan through the eighth grade, while she attended the Langley school. Ryan was forced to transfer to another school after completion of the eighth grade since the Langley school did not offer upper

classes. Both parties agree that Ms. Rosen signed a contract for Ryan to attend the Bullis School (for her high school education) in March 1997, and that Ms. Rosen did not notify Mr. Smith of this contract until June 9, 1997 (by letter), which was three months before school started. It is at this juncture that the disagreement arises regarding the interpretation of the PSA.

Ms. Rosen admits to enrolling Ryan at Bullis School and the College of Charleston before notifying Mr. Smith. Mr. Smith now argues that his obligation to pay all school expenses was "subject to his approval of such school," and that he never had the opportunity to consider the school or exercise his approval or disapproval. Mr. Smith now claims that his "approval" was a condition precedent to contract and that Ms. Rosen has failed to fulfill the conditions.

Ms. Rosen argues that no condition precedent was created in the PSA and points out that the agreement is silent regarding who must contact whom to obtain Mr. Smith's approval and places no time frame on Ms. Rosen's notification of school choices (i.e. prior to enrollment) or Mr. Smith's approval. Ms. Rosen also points out that Mr. Smith was fully aware that Ryan would be attending each school months before classes began and failed to express any disapproval, either verbally or in writing. In addition, Ms. Rosen contends that Mr. Smith failed to exercise any "veto" power over his daughter's choice of schools and should be estopped from doing so now.

*Court's Analysis*

The Court of Appeals of Virginia held in *Jones v. Jones*, 19 Va. App. 265, 450 S.E.2d 762 (1994), that "[a] separation agreement, however, is a contract and must be construed as such. Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." *Jones*, 19 Va. App. at 268-69, 450 S.E.2d at 764 (citing *Harris v. Woodrum*, 3 Va. App. 428, 350 S.E.2d 667 (1986)). This Court is bound by the Appellate Court's holdings in *Jones*, and further finds that the circumstances recited in *Jones* are analogous to those of the case at bar. It is clear that the PSA in question here is a contract and is unambiguous in its terms. It is also evident that this Court may not impose any retroactive obligations not found in the PSA on either party.

## I. *Condition Precedent*

Applying Virginia law, the court in *Hammond v. Pacific Mutual Life Ins. Co.*, 159 F. Supp. 2d 249, 254 (E.D. Va. 2001), stated that "[a] condition precedent calls for the performance of some act, or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect." *Hammond*, 159 F. Supp. 2d at 254 (citing *Smith v. McGregor*, 237 Va. 66, 376 S.E.2d 60 (1989)). In other words, a condition precedent exists where "the contract is made in form, but does not become operative as a contract until some future specified act is performed, or some subsequent event occurs." *Hammond*, 159 F. Supp. 2d at 254 (citing *Morotock Ins. Co. v. Fostoria Novelty Co.*, 94 Va. 361, 26 S.E. 850, 852 (1897)).

The Court cannot, given the law as stated above, find that Mr. Smith's "approval" of a school creates a condition precedent. The Court will note, however, that if any condition precedent exists in the PSA in question, it is the condition that Ms. Rosen *choose* to send the minor child to private schools, which she clearly did. The PSA signed by the parties placed a burden on Mr. Smith to pay private school and college expenses if Ms. Rosen made the decision to send the child to such schools. The PSA does not spell out how Ms. Rosen is to obtain any "approval" of Mr. Smith and does not place a burden on Ms. Rosen to seek Mr. Smith's consent before enrolling the child in private schools. It is evident that Ms. Rosen performed a condition of the contract by *enrolling* Ryan in private schools and had no obligation to seek Mr. Smith's approval before doing so. Mr. Smith could have inserted language requiring Ms. Rosen to seek his approval before enrolling the child in school, but he did not do so. The Court cannot retroactively impose such a condition upon Ms. Rosen.

The language of the PSA in question here includes the handwritten notations "subject to husband's approval of such school which approval shall not be unreasonably withheld," which Mr. Smith argues creates a "veto" power in himself. The Court is not persuaded by this argument. The Court finds that the language in the Rosen/Smith PSA is more in line with a "participation" clause, which is found in many contracts of this nature. The Virginia Court of Appeals has addressed the differences between PSAs that contain a "veto" power and those that contain "participation" rights. In *Tiffany v. Tiffany*, 1 Va. App. 11, 332 S.E.2d 796 (1985), the dispositive issue was whether the terms of the agreement provided one parent the right to

withhold payment for educational expenses as a result of the lack of agreement between the parents in the selection of a particular school for their child to attend. The court stated "we found that the agreement did not provide a 'veto' right for the father. The pertinent part of the agreement provided that "as an express condition of the Husband's obligation, the Husband shall be entitled to participate in the decision making process as to the college to be attended." *Tiffany*, 1 Va. App. at 16-17, 332 S.E.2d at 800. This Court finds the language of the Rosen/Smith PSA to fall within the reasoning and decision of *Tiffany*.

The case of *Harris v. Woodrum*, 3 Va. App. 428, 350 S.E.2d 667 (1986), is one that did convey a "veto" power to the father. In *Harris*, the father in a marital settlement agreement promised to pay the educational expenses of his daughter "subject to [his] approval of the particular school or schools prior to the child's being enrolled therein, which approval [he] agrees not to unreasonably withhold." *Harris*, 3 Va. App. at 429, 350 S.E.2d at 668. Clearly, the appellate court found a "veto" power to exist where the language of the PSA required the mother to notify and confer with the father *prior to the child's being enrolled*. The Rosen/Smith PSA does not include this requirement.

## II. *Estoppel/Waiver*

Because the issues of Estoppel and Waiver are rendered moot because this Court finds no condition precedent to exist regarding Mr. Smith's "approval" of schools, the Court will not address these issues.

## *Conclusion*

After full consideration of all matters raised in the parties' briefs and testimony, the evidence received at trial, and applicable Virginia authority, the Court holds that Ms. Rosen is entitled to relief and hereby grants her Motion to Enforce Payment of College and Secondary Education Expenses.

The Court grants Nina E. Rosen monetary relief in the amount of $61,969.28 for compensation for Ryan Eve Smith's tuition at the Bullis School, and $17,029.08 for Ryan Eve Smith's tuition and expenses at the College of Charleston.

The Court also holds that Mr. Smith is obligated to pay the remaining tuition and expenses for the College of Charleston, or any other appropriate college or university, as set forth in the PSA.