COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Frucci
Argued at Virginia Beach, Virginia

WARE CREEK REAL ESTATE CORP.,
 A VIRGINIA CORPORATION

                                                          MEMORANDUM OPINION[*] BY
v.       Record No. 2128-24-1                        JUDGE STEVEN C. FRUCCI
                                                              NOVEMBER 25, 2025

DANDRIDGE K. DAVIS AND JONATHAN B. KEYSER,
 CO-EXECUTORS OF THE ESTATE OF ANN B.
 DARST, ET AL.

            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                            COUNTY OF JAMES CITY
                              Holly B. Smith, Judge

            Bruce E. Arkema (Matthew B. Arkema; Durrette, Arkema, Gerson &
            Gill, on briefs), for appellant.

            Lynn K. Brugh, IV (Williams Mullen, on brief), for appellee
            Dandridge K. Davis and Jonathan B. Keyser, Co-Executors of the
            Estate of Ann B. Darst.

            Christina W. Shelton, City Attorney (Jacob Rogers Lambert,
            Assistant City Attorney, on brief), for appellee City of
            Williamsburg.

            No brief or argument for appellee David W. Otey, Jr.


        This appeal arises from Ware Creek Real Estate Corp.'s breach of contract action regarding

a real estate commission dispute. After a bench trial, the Circuit Court for the City of Williamsburg

ruled in favor of Ann B. Darst. On appeal, Ware Creek argues that the circuit court erred because

(1) Ware Creek was an intended third-party beneficiary of the contract to purchase and the escrow

agreement and (2) the offer to purchase was enforceable against both Darst and the City of

_____

    [*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Williamsburg (the "City"). For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

Around September 2021, Darst decided to sell her home and 130.76 acres of property in Williamsburg, Virginia (the "Property"). The Property was subject to a right of first refusal held by the City. On September 1, 2021, Darst notified the City that she wanted to sell the Property and offered to sell it to the City for $973,750. The City counteroffered with a purchase price of $682,084. Darst declined and sent a counteroffer to the City, stating that her bottom line was $882,000. The City did not accept Darst's offer.

Darst discussed her desire to sell the Property with her friend Walker Ware (the owner of Ware Creek) and her displeasure that the City did not offer her an amount "that she believed reflected its value." During the time that Darst was discussing selling her Property to the City, George and Susan Valashinas (the "Valashinases") contacted Ware about their interest in buying a farm in the Williamsburg area. Ware told the Valashinases to look at Darst's Property, and, after looking at the Property, the Valashinases offered Darst $1 million for the Property.

On October 7, 2021, Darst and the Valashinases signed a residential contract of purchase (the "Offer to Purchase"). At the time the Offer to Purchase was signed, all parties knew that the City had a right of first refusal on the Property. Indeed, the Offer to Purchase contained a provision, added by Ware Creek, that stated "[p]urchasers understand and acknowledge that there is a 'first right of refusal' with the [C]ity of Williamsburg with terms and conditions which may affect the outcome this contract of purchase." In addition, Ware emailed Darst and informed her that she was not supposed to sign the Offer to Purchase because of the right of first refusal. Ware added that since there was a disclaimer acknowledging the right of first refusal, that "there is no harm done."

- 2 -

In addition, Ware advised Darst that she could "[s]cratch through [her] signature on the offer" but that Ware "[did] not feel this is necessary."

Then, pursuant to the right of first refusal, Darst sent a copy of the Offer to Purchase to the City. On October 14, 2021, after receiving the Offer to Purchase, the City invoked its right of first refusal. Following, Darst and the Valashinases signed a release of contract to purchase; Ware refused to sign the release unless there was a "provision providing for the payment of [Ware Creek's] real estate fees." Darst's attorney responded that Ware was "not entitled to a commission" from the sale.

On December 15, 2021, in order to proceed with closing on the Property, Darst and the City entered into an agreement (the "Escrow Agreement") to deposit the disputed commission ($60,000 from Darst's proceeds) with David Otey, Jr., as escrow agent.[1]

On November 29, 2023, Ware Creek sued Darst and the City for breach of contract and sued Otey in his capacity as escrow agent. Ware Creek alleged that the City purchased the Property "under the same terms and conditions" of the Offer to Purchase and accordingly had an obligation to pay Ware Creek the commission. As to Darst, Ware Creek alleged that she also breached the Offer to Purchase and had a "legally enforceable obligation" to pay the commission to Ware Creek. The City and Darst demurred.

On March 19, 2024, the circuit court held a hearing on the demurrers. Following the hearing, the circuit court found that Ware Creek lacked standing to pursue a breach of contract action against the City and sustained its demurrer with prejudice. As for Darst's demurrer, the circuit court sustained the demurrer with prejudice as to the claim that Ware Creek was a third-party

---

[1] Otey was dismissed as a party after a plea of payment into the circuit court in which he deposited the $60,000 that he held in escrow.

beneficiary of the Escrow Agreement but overruled the demurrer as to Ware Creek's breach of contract claim to the Offer to Purchase.

On October 22, 2024, the circuit court held a bench trial on the remaining issue, whether Darst breached the Offer to Purchase. Following the trial, the circuit court ruled in favor of Darst and found that there was no meeting of the minds between Darst and Ware Creek, and, in the alternative, if it is a contract, then there was a condition precedent (i.e., the City declining to exercise its right of first refusal). Ware Creek appeals.

ANALYSIS

I. The Demurrers

We review the circuit court's ruling on a demurrer de novo. *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021). In reviewing a circuit court's decision on a demurrer, we "accept as true all factual allegations expressly pleaded in the complaint" and interpret them "in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). We also accept any factual allegations that "fairly can be viewed as impliedly alleged or reasonably inferred from the facts [expressly] alleged." *Hooked Grp., LLC v. City of Chesapeake*, 298 Va. 663, 667 (2020) (quoting *Welding, Inc. v. Bland Cnty. Serv. Auth.*, 261 Va. 218, 226 (2001)). "But we are not bound by the pleader's conclusions of law that are couched as facts." *Wright v. Graves*, 78 Va. App. 777, 781 (2023). We also "disregard allegations that 'are inherently impossible[] or contradicted by other facts pleaded' and reject 'inferences [that] are strained, forced, or contrary to reason.'" *New Age Care, LLC v. Juran*, 71 Va. App. 407, 429 (2020) (second alteration in original) (quoting *Parker v. Carilion Clinic*, 296 Va. 319, 330 & n.2 (2018)). "In ruling on the demurrers, this Court considers not only the pleadings, but also the documents attached thereto." *Mansfield v. Bernabei*, 284 Va. 116, 121 (2012).

- 4 -

"The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon a third party but one of the parties to the agreement fails to uphold his portion of the bargain." *Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 285 (1995) (quoting *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989)). "A third party who claims to be the beneficiary of a contract between others must show by the evidence that the contracting parties clearly and definitely intended to confer a benefit upon him." *Aetna Casualty & Sur. Co. v. Fireguard Corp.*, 249 Va. 209, 214-15 (1995). "Put another way, a person who benefits only incidentally from a contract between others cannot sue thereon." *Copenhaver*, 238 Va. at 367.

### A. *The City's demurrer*

Ware Creek argues that the circuit court erred in sustaining the City's demurrer because it sufficiently alleged it was a third-party beneficiary of the Offer to Purchase.

In the Offer to Purchase, under the heading "Other Terms," it states that "[p]urchasers hereby direct the closing agent to pay [Ware Creek] 6% (six percent) of the total sales price at closing." It is further specified that "the purchaser(s) shall pay the realtor fee." In its complaint, Ware Creek alleges that the City purchased the Property "under the same terms and conditions as set forth" in the Offer to Purchase, "including but not limited to, paying Ware Creek the Commission it earned." Also, attached to the City's demurrer, is the deed granting the City its right of first refusal. The deed confirms that the City, if it chooses to accept an offer on the Property, purchases the Property "upon the same terms and conditions as set forth in the offer." These are asserted facts that we "accept as true." *Taylor*, 301 Va. at 357 (quoting *Coward*, 295 Va. at 358). Accordingly, Ware Creek sufficiently alleges that the City agreed to direct the closing agent to pay Ware Creek its real estate commission, and thus breached the agreement by not doing so.

Therefore, the circuit court erred in sustaining the City's demurrer because Ware Creek sufficiently asserted a breach of contract claim against the City in its complaint.

B. *Darst's demurrer*

Ware Creek argues that the circuit court erred in sustaining Darst's demurrer because it sufficiently alleged it was third-party beneficiary of the Escrow Agreement.

Here, although Ware Creek clearly asserts it was a third-party beneficiary of the Escrow Agreement, this assertion is contradicted by the language in the Escrow Agreement itself that was attached to the complaint. *See Mansfield*, 284 Va. at 121 (stating that the Court can consider the documents attached to the pleadings when ruling on a demurrer). Looking at the Escrow Agreement, it plainly states that Darst and the City disputed Ware Creek's right to the commission. Indeed, the Escrow Agreement states that Ware Creek "has asserted a claim to a 6% commission on such sale, *which Darst and [the City] dispute*." (Emphasis added). It is clear from the language of the Escrow Agreement that Darst and the City entered into this agreement for their own benefit, not Ware Creek's. Thus, we disregard Ware Creek's allegation that it was a third-party beneficiary of the Escrow Agreement because it is contradicted by the Escrow Agreement itself. *See New Age Care, LLC*, 71 Va. App. at 429 (We "disregard allegations that 'are . . . contradicted by other facts pleaded.'"). In fact, the reason Darst and the City entered into the Escrow Agreement was because they did not believe Ware Creek was entitled to the benefit of the commission. Darst and the City desired to close on the Property without delay, and in order to accomplish this, they set aside the disputed amount. Ware Creek may ultimately benefit from the funds that were set aside, but, from the language of the Escrow Agreement, it does not appear that Darst and the City "clearly and definitely intended to confer a benefit upon" Ware Creek. *Aetna Casualty & Sur. Co.*, 249 Va. at 215.

Therefore, the circuit court was correct in ruling that Ware Creek was not a third-party beneficiary of the Escrow Agreement, and thus did not err in sustaining Darst's demurrer on this ground.

II.  The Bench Trial – Darst

Ware Creek argues that the circuit court erred in granting judgment in favor of Darst on its breach of contract claim.

"The question of whether [a valid] contract exists is a pure question of law, to which we apply a de novo standard of review." *Spectra-4, LLP v. Uniwest Commer. Realty, Inc.*, 290 Va. 36, 42 (2015) (alteration in original) (quoting *Mission Residential, LLC v. Triple Net Props., LLC*, 275 Va. 157, 161 (2008)).  "Similarly, we review de novo the purely legal issues of what the terms of the contract are, and how those terms apply to the facts of the case." *Id.* at 43.

"A condition precedent calls for the performance of some act, or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect." *Smith v. McGregor*, 237 Va. 66, 75 (1989) (quoting *Morotock Ins. Co. v. Fostoria Novelty Co.*, 94 Va. 361, 365 (1897)).  "In other words, 'the contract is made in form, but does not become operative as a contract until some future specified act is performed, or some subsequent event occurs.'" *Id.* (quoting *Morotock Ins. Co.*, 94 Va. at 365).  A right of first refusal operates in the same manner.  A right of first refusal is a "right that a buyer shall be given an option to purchase before an owner makes a contract to sell to another." *Landa v. Century 21 Simmons & Co.*, 237 Va. 374, 381 (1989) (citing Arthur L. Corbin, *Corbin on Contracts* § 261A (1963)).  "[W]here a right of first refusal is involved, when an owner receives an offer[,] the owner cannot accept that offer without first offering it to the holder of the right of refusal." *Id.* (citing Corbin, *supra*).

Here, all parties were aware of the City's right of first refusal.  It was an included provision in the Offer to Purchase stating "[p]urchasers understand and acknowledge that there is a 'first right of refusal' with the [C]ity of Williamsburg with terms and conditions which may affect the outcome this contract of purchase."  And, upon receiving the offer from the Valashinases, Darst sent the offer

to the City as she was obligated to do under the right of first refusal. The City then elected to exercise its right and purchase the Property.

As our Supreme Court stated in *Landa*, "when an owner receives an offer the owner cannot accept that offer without first offering it to the holder of the right of refusal." 237 Va. at 381. Thus, the condition precedent of the Offer to Purchase was the City not exercising its right of first refusal. It follows that the Offer to Purchase was not operative as a contract until the City declined to exercise its right. And so, because the City elected to exercise its right of first refusal, the condition precedent was not met and the Offer to Purchase never took effect. Accordingly, Ware Creek's breach of contract action against Darst fails as a matter of law, because the Offer to Purchase never became an operative contract.

Therefore, the circuit court did not err in ruling that the right of first refusal was subject to a condition precedent, that the condition precedent was not met, and in granting judgment in favor of Darst.[2]

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

---

[2] Further, because the circuit court did not err in ruling in favor of Darst, it likewise did not err in denying Ware Creek's request for attorney fees.