# David E. Cottrell, et al.

## v.

# General Systems Software Corp.

Record No. 931436

September 16, 1994

Present: All the Justices

*Brian J. Grossman; Edward D. Barnes* for appellants.

*Archibald Wallace, III (Elaine Scott Moore Goodwin; Sands, Anderson, Marks & Miller*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The sole issue we consider in this appeal is whether an entity that purports to be a corporation may prosecute a cause of action for breach of a contract even though the purported corporation is not a party to the contract.

Plaintiff, General Systems Software Corp., which sold and serviced computer software in central Virginia, was incorporated on February 25, 1983. General Systems purchased a residential lot described as Lot 2, Section III, of the Broad Run Subdivision in Goochland County (the lot) in 1986. In 1988, William J. Kenney, Jr., General Systems' founder and president, decided to terminate General Systems' business operation. Upon advice of legal counsel, he decided to permit the corporation to dissolve by operation of law. The State Corporation Commission issued a notice of termination of corporate existence to General Systems dated September 11, 1989. Kenney acknowledged receipt of the notice of termination.

On March 6, 1991, Kenney signed a contract to sell the lot to David E. and Christine G. Cottrell, husband and wife. According to the contract of purchase, the agreement was "between William J. Kenney, Jr. (the 'Seller', whether one or more), and David E. [and] Christine G. Cottrell (the 'Purchaser', whether one or more)." The Cottrells agreed to purchase the lot from Kenney for $147,500. The contract provided that settlement would occur on or before July 1, 1991.

The real estate settlement did not occur on or before July 1, 1991. The Cottrells and Kenney and their respective attorneys exchanged correspondence regarding the proposed real estate settlement. However, the Cottrells failed to close on the property, and General Systems subsequently sold the property to other buyers for $100,000.

General Systems filed a motion for judgment against the Cottrells, alleging breach of contract. The motion for judgment was transferred to the chancery side of the court, and the chancellor conducted a trial and entered a judgment in favor of General Sys-

tems in the amount of $44,650 plus interest. We awarded the Cottrells an appeal.

The Cottrells argue that General Systems may not enforce the real estate sale contract because it was executed between Kenney and the Cottrells, and General Systems is not a party to the contract. General Systems asserts that it can enforce the contract because "[a]ll parties to the lawsuit, David and Christine Cottrell, and General Systems, by its corporate officer, Mr. Kenney, signed the contract." We disagree with General Systems.

We have stated that:

> The general rule at common law is that an action on a contract must be brought in the name of the party in whom the legal interest is vested, and this legal interest is ordinarily vested only in the promisee or promisor; consequently, they or their privies are generally the only persons who can sue on the contract.

*Cemetery Consultants, Inc.* v. *Tidewater Funeral Directors Ass'n, Inc.*, 219 Va. 1001, 1003, 254 S.E.2d 61, 62 (1979). Here, the record is clear that General Systems, the plaintiff in this suit, is not a party to the contract of purchase. The clear language of the contract identifies Kenney as the seller and the Cottrells as the purchasers. The contract imposes numerous duties and obligations upon the seller and purchaser. We find no language in the contract that creates a contractual right in General Systems.

It is true, as General Systems observes, that when Kenney accepted the contract, he signed the document as "William Kenney, Jr., pres. for General Systems Software." We hold, however, that under the facts and circumstances of this case, the phrase "pres. for General Systems Software" is not sufficient to alter the clear and unambiguous provision in the contract that identifies Kenney as the seller.

Accordingly, we will reverse the judgment of the trial court and enter final judgment in favor of the Cottrells here.

*Reversed and final judgment.*