Present:  All the Justices

JAMES M. MANSFIELD

OPINION BY
JUSTICE S. BERNARD GOODWYN

v.      Record No. 111314

June 7, 2012

LYNNE BERNABEI, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

In this appeal, we consider whether the circuit court erred in ruling that the doctrine of absolute judicial privilege may apply to communications made before the filing of an action.

Material Facts and Proceedings

Michael A. Ford served as the building manager at Horizon House, a residential condominium in Arlington, Virginia.  After his termination from that employment, Ford filed a complaint with the Equal Employment Opportunity Commission (EEOC) against the three corporate employers vested with the authority to fire him, Horizon House Condominium Unit Homeowners Association, Zalco Realty, Inc., and MDV Maintenance, Inc.  The EEOC issued a probable cause determination that two of these employers discriminated against Ford on the basis of his race in violation of federal law.

James M. Mansfield served as counsel to Horizon House.  He was involved in the process of hiring Ford and allegedly, among other actions that interfered with Ford's employment, wrote a

letter containing defamatory statements about Ford to the Horizon House board.

Ford, acting by and through Bernabei & Wachtel, PLLC, sent a demand letter and a draft complaint marked "Draft – For Settlement Purposes Only" to numerous individuals and entities. Mansfield was one of the defendants named in the draft complaint. The demand letter concluded: "Please contact me with a response to this settlement proposal by the close of business on December 17, 2008. If we do not receive a response from you by that time, Mr. Ford will have no choice but to initiate formal legal action."

Approximately one week later, Ford filed a complaint, substantially similar to the draft complaint, in the United States District Court for the Eastern District of Virginia against several defendants, including Mansfield.[1]

Mansfield subsequently filed a complaint in the Circuit Court of Fairfax County against Lynne Bernabei, Emily Brittain Read, Bernabei & Wachtel, PLLC, and Ford (collectively "the

---

[1] All defendants in the federal action except Mansfield were dismissed from the case by agreed order. Ford v. Zalco Realty, Inc., 708 F. Supp.2d 558, 560 (E.D. Va. 2010). The district court granted summary judgment for Mansfield, but it declined to award attorneys' and expert witnesses' fees because Ford "acted in good faith in filing suit" and "the case was not frivolous, unreasonable, or without foundation." Id. at 560, 563.

2

defendants") alleging that he was defamed by statements made about him in the draft complaint.

The defendants filed demurrers, claiming the allegations made in the draft complaint, sent before the lawsuit was filed, were nevertheless privileged.  Mansfield claimed there was no privilege because there was no pending judicial proceeding when the draft complaint was communicated.

The circuit court sustained the demurrers.  It ruled that absolute or judicial privilege applied to the communications in the draft complaint that were published only to interested parties in good faith for the purpose of attempting to settle the underlying dispute preliminary to a proposed judicial proceeding.  Mansfield timely filed a notice of appeal and we granted an appeal on the following assignments of error:

> 1.  The trial court erred by ignoring the mandates of Penick and its progeny, establishing the concrete element that a communication must be part of a judicial proceeding to be considered absolutely privileged.

> 2.  The trial court erred by failing [sic] by ignoring the important Penick public policy ramifications.[2]

---

[2] We do not address whether the circuit court properly applied absolute privilege to the facts of this case, because the assignments of error only pertain to whether the doctrine may apply to statements communicated before litigation is initiated.

Analysis

Mansfield argues that the circuit court erred in sustaining the demurrers because this Court established a concrete limit on absolute privilege in Penick v. Ratcliffe, 149 Va. 618, 140 S.E. 664 (1927), and its progeny. Mansfield asserts that if a communication is not part of a judicial proceeding or process and relevant to that judicial proceeding or process, the communication is not protected by absolute judicial privilege. He claims that this Court has declined to extend the privilege beyond a judicial environment, and that a draft complaint sent prior to the actual filing of an action fails to satisfy the prerequisites necessary for the privilege to be applicable.

The defendants respond that absolute privilege should attach to communications if they are relevant and pertinent to the subject matter of litigation that is in good faith and under serious contemplation. They argue that Penick does not address the instant circumstance and this Court has never expressly found absolute privilege inapplicable to pre-filing circulation of a draft complaint. The defendants urge application of the Restatement (Second) of Torts, which they claim provides immunity for certain communications before filing as well as safeguards against abuse of such communications. We agree.

4

This Court applies well-settled principles in reviewing the circuit court's decision to sustain the demurrers:

> "The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts. Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo."

Dunn, McCormack & MacPherson v. Connolly, 281 Va. 553, 557, 708 S.E.2d 867, 869 (2011) (quoting Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 356-57, 699 S.E.2d 483, 486-87 (2010)). In ruling on the demurrers, this Court considers not only the pleadings, but also the documents attached thereto. E.g., Caudill v. County of Dinwiddie, 259 Va. 785, 788, 529 S.E.2d 313, 314 (2000).

Only a partial version of Ford's settlement draft complaint, omitting reference to the EEOC action, was attached to Mansfield's defamation complaint; Ford's federal complaint was not attached thereto. However, Mansfield stipulated to the circuit court's consideration of the federal complaint and the demand letter in ruling upon the demurrers. "A court in ruling upon a demurrer may consider documents not mentioned in the challenged pleading when the parties so stipulate." Flippo v. F & L Land Co., 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).

5

In *Penick*, this Court applied the doctrine of absolute privilege to a petition, filed by voters, alleging bribery and other illegal acts by a judge of elections. 149 Va. at 621-27, 637-38, 140 S.E. at 665-67, 670. The petition was dismissed and the judge of elections filed a libel action against the voters on the basis of the petition's contents. Id. at 622-26, 140 S.E. at 665-67. On appeal from a verdict in favor of the judge, this Court reversed, holding that absolute privilege barred the libel action. Id. at 637-38, 140 S.E. at 670. The election contest was a judicial proceeding and the allegations of the petition were material, relevant and pertinent to the relief sought; therefore, the allegations were privileged. Id. at 635, 140 S.E. at 669. In so holding, this Court noted that the public interest and the ends of justice are best served in allowing counsel to freely advocate for their clients. Id. at 632, 140 S.E. at 668.

In the Commonwealth, "[i]t is well settled that 'words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged'" against actions on the basis of defamation. Donohoe Constr. Co. v. Mt. Vernon Assocs., 235 Va. 531, 537, 369 S.E.2d 857, 860 (1988) (quoting Darnell v. Davis, 190 Va. 701, 707, 58 S.E.2d 68, 70 (1950)); see also Penick, 149 Va. at

6

627, 140 S.E. at 667.[3]  For absolute judicial privilege to attach, the communications at issue must be "material, relevant or pertinent" to the issues of the judicial proceeding.  See, e.g., Penick, 149 Va. at 635, 140 S.E. at 669.

This Court articulated the broad rule of absolute privilege in Penick but has not limited its application to trials, reasoning that the privilege "includ[es] within its scope all proceedings of a judicial nature . . . ."  Id. at 628, 140 S.E. at 667 (citation and internal quotation marks omitted).  In Donohoe Construction, this Court accordingly concluded that the filing of a mechanic's lien was a judicial proceeding to which absolute privilege applied.  235 Va. at 538-39, 369 S.E.2d at 861 (noting that perfection and enforcement of a lien are "inseparable").  Absolute judicial privilege clearly extends outside the courtroom.  See, e.g., Watt v. McKelvie, 219 Va. 645, 651, 248 S.E.2d 826, 829 (1978) (protecting third party statements republished by another during a deposition).  However, this Court has not yet

---

[3] The privilege is based in part upon the existence of the safeguards offered by the judicial process.  Elder v. Holland, 208 Va. 15, 21, 155 S.E.2d 369, 374 (1967) (" '[I]n strictly judicial proceedings the potential harm . . . is somewhat mitigated by the formal requirements such as notice and hearing, the comprehensive control exercised by the trial judge whose action is reviewable on appeal, and the availability of retarding influences such as false swearing and perjury prosecutions.' " (quoting Rainier's Dairies v. Raritan Valley Farms, Inc., 117 A.2d 889, 894 (N.J. 1955)).

addressed the precise issue in this case, when a complaint containing allegedly defamatory statements is drafted and circulated before the filing of an action.

We have considered application of absolute judicial privilege to communications tangentially related to potential litigation. In Lindeman v. Lesnick, 268 Va. 532, 535, 604 S.E.2d 55, 57 (2004), this Court addressed defamatory statements made by a physician to a patient, Lindeman, about another doctor, Lesnick, in regard to treatment Lindeman received pursuant to a workers' compensation award. Lindeman shared the written statements with his attorney, who inadvertently forwarded them to counsel for the insurance company of Lindeman's employer, who distributed them to the employer. Id. The employer provided the statements to Lesnick, who thereafter filed a defamation action. Id.

The Court noted that an ongoing award for workers' compensation medical benefits did not constitute a pending proceeding and that no claim was pending before the Workers' Compensation Commission. Id. at 538, 604 S.E.2d at 58-59. While stating that "we have extended the application of the absolute privilege well beyond the actual courtroom," this Court declined to extend the privilege to "mere potential litigation" to avoid "permit[ting] defamatory communications to be made with impunity merely upon an assertion that litigation

8

might be subsequently initiated." Id. at 537-38, 604 S.E.2d at 58.

Numerous factors distinguish the current case from Lindeman. The communication at issue in Lindeman was published through apparent inadvertence and the claim Lindeman sought to bring was with respect to his workers' compensation benefits; it did not contemplate Lesnick as a party. Id. at 534-36, 604 S.E.2d at 56-57. The statements regarding Lesnick were not a part of attempted settlement negotiations, as was the draft complaint in the present case, and there was no indication that the allegedly defamatory statements were eventually alleged and relevant in a judicial proceeding. See id.

The defendants argue that the circuit court properly recognized the value in unrestricted settlement negotiations and the Commonwealth's long-expressed public policy preference of encouraging settlement, which supports application of absolute privilege in this case. Mansfield responds that Penick and our later decisions considered the value in encouraging settlement, but recognized the greater importance of preventing abuse in the litigation process.

The Restatement (Second) of Torts § 586 provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in

which he participates as counsel, if it has some relation to the proceeding.

Restatement § 587 likewise states:

A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

The comments to these sections are furthermore instructive, emphasizing the limitation of the protections afforded to pre-litigation communications:

As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

Restatement (Second) of Torts §§ 586 cmt. e., 587 cmt. e.

Numerous jurisdictions apply an approach in accord with the Restatement, holding that absolute privilege may bar defamation claims on the basis of pre-filing, litigation-related communications. See, e.g., Rogers v. Luttrell, 144 S.W.3d 841, 843-44 (Ky. Ct. App. 2004) (quoting General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1127 (6th Cir. 1990)); Rickenbacker v. Coffey, 405 S.E.2d 585, 587-88 (N.C. Ct. App. 1991); Crowell v. Herring, 392 S.E.2d 464, 467 (S.C. Ct. App.

10

1990); Collins v. Red Roof Inns, Inc., 566 S.E.2d 595, 600-01 (W. Va. 2002). The Fourth Circuit likewise applied absolute privilege in a case involving a pre-filing letter, finding it "probable that Virginia would follow the lead of the Restatement [(First)] of Torts, § 587 (1938)."[4] West v. Marjorie's Gifts, Inc., 529 F.2d 518, 518 (4th Cir. 1975) (unpublished).

The importance of encouraging compromise and settlement is unquestioned in our jurisprudence. See, e.g., Snyder-Falkinham v. Stockburger, 249 Va. 376, 381, 457 S.E.2d 36, 39 (1995) (" 'The law favors compromise and settlement of disputed claims.' " (quoting Bangor-Punta Operations, Inc. v. Atlantic Leasing, Ltd., 215 Va. 180, 183, 207 S.E.2d 858, 860 (1974))); Eggleston v. Crump, 150 Va. 414, 418-19, 143 S.E. 688, 689 (1928) (citing Chesapeake & Ohio Ry. Co. v. Mosby, 93 Va. 93, 100, 24 S.E. 916, 918 (1896); Zane's Devisees v. Zane, 20 Va. (6 Munf.) 406, 412 (1819)). It is elementary that the settlement of claims is facilitated through free and open communication regarding the issues between parties and their attorneys, as well as between opposing counsel. See, e.g., Donohoe Constr., 235 Va. at 537, 369 S.E.2d at 860 (" '[T]he public interest is best served when individuals who participate

---

[4] This section of the Restatement (First) is substantially similar to § 587 of the Restatement (Second), quoted above.

11

in law suits are allowed to conduct the proceeding with freedom to speak fully on the issues relating to the controversy.' " (quoting Watt, 219 Va. at 651, 248 S.E.2d at 829); see also Messina v. Fontana, 260 F. Supp.2d 173, 179 (D. D.C. 2003) ("Private and amicable resolution of disputes is to be encouraged, not discouraged, as would happen if every lawyer's letter could provoke a defamation suit.").

The Restatement approach facilitates the legitimate investigation and settlement of claims.  The countervailing legitimate concern we expressed in Lindeman, that extension of absolute privilege to pre-filing communications may prompt defamatory statements without meaningful restraint,[5] is addressed by the Restatement requirements that the proposed judicial proceeding must be "contemplated in good faith and under serious consideration," and the communication must relate to that anticipated proceeding.  The concern may be further alleviated by limiting the absolute privilege to disclosures made to persons with an interest in the proposed proceeding. Thus, regarding the applicability of absolute privilege to communications preliminary to a proposed judicial proceeding, this Court adopts the rule expressed in the Restatement (Second) of Torts §§ 586, 587 as well as the additional requirement that the disclosure be made only to interested

12

persons.  See, e.g., Gardner v. Senior Living Sys., Inc., 731 N.E.2d 350, 357 (Ill. App. Ct. 2000); Harris, 355 S.E.2d at 843.

For absolute privilege to attach, the communication must be "material, relevant or pertinent" to the judicial process.  See, e.g., Penick, 149 Va. at 635, 140 S.E. at 669.  Applying this requirement to communications preliminary to proposed judicial proceedings requires a reviewing court to examine whether:  (1) the statement was made preliminary to a proposed proceeding; (2) the statement was related to a proceeding contemplated in good faith and under serious consideration, and (3) the communication was disclosed to interested persons.

In this case, Ford's draft complaint containing the allegedly defamatory statements about Mansfield was marked "For Settlement Purposes Only."  The demand letter accompanying the draft complaint stated that if a response was not received, Ford would "initiate a formal legal action" against the potential defendants to whom the letter and complaint were addressed.  Ford did, in fact, file a substantially similar complaint in the United States District Court for the Eastern District of Virginia approximately one week after sending the draft complaint and demand letter.  Thus, we hold that the circuit court did not err in finding that absolute privilege

---

[5] 268 Va. at 538, 604 S.E.2d at 58.

13

attached to the draft complaint.  Accordingly, for the reasons stated, we will affirm the judgment of the circuit court.

Affirmed.