UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Causey and Bernhard
Argued at Norfolk, Virginia


NEW BETHEL DEVELOPMENT, LLC

             MEMORANDUM OPINION* BY
v.  Record No. 0502-24-1     JUDGE DAVID BERNHARD
                JUNE 3, 2025
CITY OF PORTSMOUTH CITY COUNCIL


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Randall D. Smith, Judge Designate

Verbena M. Askew (The Verbena Askew Law Firm, P.C., on briefs),
for appellant.

Norman A. Thomas (Norman A. Thomas, PLLC, on brief), for
appellee.


New Bethel Development, LLC ("New Bethel"), appeals the final order of the circuit court

sustaining the City of Portsmouth City Council's demurrer to the second amended complaint with

prejudice.  On appeal, New Bethel argues the circuit court erred in sustaining the demurrer because

the second amended complaint sufficiently alleged facts giving rise to an inverse condemnation

claim.  New Bethel also argues the circuit court erred by failing to grant New Bethel's motion to

take judicial notice of certain documents and by denying New Bethel leave to amend its second

amended complaint.

For the reasons set forth below, this Court affirms the trial court's judgment.  The second

amended complaint did not properly plead a claim for inverse condemnation, as the denial of

Herman & Kittle's housing permit application and the redesignation on the future land use map of

the land New Bethel owned did not prevent New Bethel from exercising its property rights.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Moreover, New Bethel never undertook any action to develop the property in accordance with its housing permit, even though the complaint consistently alleged the permit remained valid. Finally, the assignments of error regarding the motion for judicial notice and the denial of leave to amend were waived under Rule 5A:20(e), and thus cannot be considered by this Court. Consequently, the judgment of the trial court must be affirmed.

BACKGROUND

The second amended complaint alleged New Bethel purchased land zoned as multi-family urban residential ("UR-M") in Portsmouth in 2005. This land included 103 dwelling units, which New Bethel demolished. The zoning ordinance in effect in 2009 required landowners to obtain a use permit from the City Council to develop a multi-family dwelling within the UR-M district. New Bethel applied for a housing use permit to construct six apartment buildings with 234 dwelling units, which the City Council granted. The permit was originally set to expire on March 24, 2011, but was extended by operation of law until July 1, 2020, when the General Assembly amended Code § 15.2-2209.1.[1] According to the second amended complaint, "[i]n 2008, there was a market instability across the nation and the project did not move forward, though the Housing Permit (HP-09-02) continued to be valid."

In 2016, Herman & Kittle, a developer, applied for a permit to construct 22 buildings with 280 dwelling units on the land New Bethel owned. The City Council denied Herman & Kittle's permit application. In 2018, the City Planning Commission recommended the City Council approve a comprehensive plan amending the City's future land use map by designating New

---

[1] New Bethel alleged the housing permit was further extended by operation of law until July 1, 2022. It appears New Bethel was referring to Code § 15.2-2209.1:1; however, the enacting legislation stated that "nothing in this act shall be construed to extend any provision of § 15.2-2209.1 of the Code of Virginia." 2020 Va. Acts Spec. Sess. I ch. 40. It thus appears New Bethel's permit expired on July 1, 2020.

Bethel's land as mixed residential. The City Council approved the comprehensive plan but redesignated New Bethel's land on the future land use map as single family residential.

New Bethel alleged its land was valued at $2,200,000 when zoned as multi-family but $1,300,000 when zoned as single family. New Bethel also alleged the "City Council would not approve the project[2] given the change in the Comprehensive plan." The mortgage lender foreclosed on the land and sold it to the Cavalier Manor Development Group on May 22, 2020, for $550,000. In 2021, the City Council approved a housing permit for a builder seeking to construct seven apartment buildings with 280 dwelling units. The City Council never rezoned the land in line with the future land use map. New Bethel sued the City Council for inverse condemnation, alleging the amendment to the future land use map was a regulatory taking. Additionally, New Bethel alleged it "had a vested right" in developing the land in accordance with the housing permit and that Herman & Kittle's application was consistent with the housing permit.

The City Council demurred, arguing the second amended complaint failed to state a claim for regulatory taking because it failed to allege the City Council limited New Bethel's ability to exercise its property rights. The City Council also argued the City itself should have been sued rather than the City Council.[3] New Bethel responded that the amendment to the future land use map was "impermissible down-zoning" and that such rezoning of the land "effectively voided" the housing permit. Further, New Bethel maintained the City Council ignored that the second amended complaint alleged the City's Director of the Department for Economic Development stated, "no

---

[2] New Bethel did not identify "the project," but its housing permit was still valid at the time, and Herman & Kittle's permit application had already been denied.

[3] The City Council again raised this argument on appeal; however, this Court declines to rule on this issue, as holding the second amended complaint failed to allege a taking appears to be the best and narrowest grounds for affirming the circuit court's judgment. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("As we have often said, '[t]he doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" (alteration in original) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

developer would be interested in developing that property as single family." New Bethel moved the trial court to take judicial notice of several documents that were not attached to the second amended complaint.

On October 11, 2023, the circuit court heard argument on the demurrer and took the matter under advisement. The circuit court also deferred ruling on the motion for judicial notice, stating the court would,

> take under advisement the motion to take judicial notice because if the ruling is to -- well, depending on the ruling, if the ruling sustains the demurrer and Ms. Askew wants to file an amended complaint that brings in all kind of documents as part, I mean, then they are part of the complaint when they're attached as exhibits and then we'll cross that bridge when it happens.

On February 25, 2024, the circuit court entered the order sustaining the demurrer with prejudice. New Bethel made a written objection to the final order prior to its entry, stating New Bethel "should have been allowed to amend the complaint to include the documents submitted as attachments to the Motion Craving Oyer and the Motion for the Court to take Judicial Notice."

On appeal, New Bethel argues the trial court erred in sustaining the demurrer because the second amended complaint sufficiently pleaded facts giving rise to an inverse condemnation claim. Additionally, New Bethel argues the trial court erred by not granting New Bethel's motion for judicial notice and by denying New Bethel leave to amend.

ANALYSIS

This Court "reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021). The Court must "accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). "A court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are part of the pleadings." *Schaecher v. Bouffault*,

- 4 -

290 Va. 83, 107 (2015).  The Court "considers not only the pleadings, but also the documents attached thereto." *Mansfield v. Bernabei*, 284 Va. 116, 121 (2012).[4]

## I.  Inverse Condemnation[5]

Private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V.[6]  Under Virginia law, "[n]o private property shall be damaged or taken for public use without just compensation to the owner thereof."  Va. Const. art. I, § 11.  Unconstitutional takings take the form of a categorical taking or a regulatory taking.  *Bd. of Supervisors v. Greengael, L.L.C.*, 271 Va. 266, 287 (2006).  "A categorical taking is a deprivation of all economic use of property.  A regulatory taking 'places limitations on land that fall short of eliminating all economically beneficial use [but render an] economic effect on the landowner [and] interfere[] with reasonable investment-backed expectations,' among other harms."  *Id.* (alterations in original) (quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001)).

"To take or damage property in the constitutional sense does not require that the sovereign actually invade or disturb the property.  Taking or damaging property in the constitutional sense means that the governmental action adversely affects the landowner's ability to exercise a right

---

[4] "A court in ruling upon a demurrer may consider documents not mentioned in the challenged pleading when the parties so stipulate."  *Mansfield*, 284 Va. at 121 (quoting *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991)).

[5] New Bethel's assignments of error differentiate between a claim for regulatory taking and a claim for inverse condemnation.  "[A]n inverse condemnation action is a specific type of proceeding based on a constitutionally created right connected to the 'taking' or 'damaging' of property by the government."  *Kitchen v. City of Newport News*, 275 Va. 378, 386 (2008) (quoting *Richmeade, L.P. v. City of Richmond*, 267 Va. 598, 602 (2004)).  Thus, a regulatory taking appears to be a type of taking giving rise to an action for inverse condemnation.  Because it appears a regulatory taking and an action for inverse condemnation are not distinct causes of action, this Court considers New Bethel's two assignments of error concerning the sufficiency of the complaint as raising essentially the same assignment of error.

[6] The Takings Clause of the Fifth Amendment was incorporated to the states in *Chicago, Burlington & Quincy Railroad v. Chicago*, 166 U.S. 226, 241 (1897).

connected to the property." *Richmeade, L.P. v. City of Richmond*, 267 Va. 598, 602 (2004). In short, the act giving rise to an inverse condemnation claim is "an act that limits the landowner's ability to exercise his property rights without paying the landowner for that limitation." *Id.* at 603. "A 'unilateral expectation or an abstract need is not a property interest entitled to protection.'" *Johnson v. City of Suffolk*, 299 Va. 364, 371 (2020) (quoting *Webb's Fabulous Pharms., Inc. v. Beckwith*, 449 U.S. 155, 161 (1980)). Finally, "[l]andowners only have a vested right in preexisting use of the land, they do not have a vested right 'in the continuation of the land's existing zoning status.'" *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 585 (2019) (quoting *Board of Zoning Appeals v. CaseLin Sys., Inc.*, 256 Va. 206, 210 (1998)).

New Bethel claims the City Council's amendment to the future land use map, as well as the denial of Herman & Kittle's housing permit application, diminished the value of the land and led to foreclosure. New Bethel also claims it could not have developed the property under its housing permit because the City Council had determined the permit had expired.

Contrary to New Bethel's assertions, the second amended complaint did not properly plead a claim for inverse condemnation because the complaint failed to allege that a taking occurred. First, the redesignation of the land to single family residential did not rezone the land, and such redesignation, at most, only affected expectations as to the future zoning status of the property. Under Virginia law, the local planning commission is required to "prepare and recommend a comprehensive plan for the physical development of the territory within its jurisdiction and every governing body shall adopt a comprehensive plan for the territory under its jurisdiction." Code § 15.2-2223(A). Such plan "shall be made with the purpose of guiding and accomplishing a coordinated, adjusted and harmonious development of the territory which will, in accordance with present and probable future needs and resources, best promote the health, safety, morals, order, convenience, prosperity and general welfare of the inhabitants." *Id.*

- 6 -

These comprehensive plans do not bind a governing body in making land use decisions; rather such plans merely guide the governing body. *See Helmick Family Farm, LLC v. Comm'r of Highways*, 297 Va. 777, 783 (2019) ("The Culpeper Comprehensive Plan is a document that is prepared every three to five years that serves as a general guide for what possible future development might be for a property or for the County."); *Bd. of Supervisors v. Safeco Ins. Co.*, 226 Va. 329, 335 (1983) (The comprehensive plan "is not a zoning ordinance but only a guideline for zoning ordinances."); *Bd. of Supervisors v. Lerner*, 221 Va. 30, 37 (1980) ("While the minimum standards of the Comprehensive Plan may be only guidelines and not requirements to be applied inflexibly by the Board, it was still a matter within the Board's discretion to decide whether to adhere to those standards or to follow some other reasonable approach in determining whether to grant or to deny the rezoning application."); *Hartley v. Bd. of Supervisors*, 80 Va. App. 1, 16-17 (2024) (quoting 1987-88 Op. Va. Att'y Gen. 212, 213) ("As applied to private facilities, a comprehensive plan is generally 'a guideline for the development and implementation of a zoning ordinance' and 'does not, by itself, act as an instrument of land use control.'"). Future land use maps are a part of a comprehensive plan and thus are merely guides for the governing body. *See* Code § 15.2-2223(C). As such, the amendment to the future land use map did not in fact rezone New Bethel's land. At most, such amendment only affected expectations as to the future zoning status of the property, and landowners do not have a vested right in the continuation of the land's existing zoning status. *Bragg Hill Corp.*, 297 Va. at 585.

Second, the denial of Herman & Kittle's housing permit application did not interfere with New Bethel's ability to exercise its property rights. The second amended complaint contained no allegations regarding New Bethel's relationship with Herman & Kittle nor did it include any allegation that New Bethel could only develop the land if Herman & Kittle was involved. New Bethel only alleged Herman & Kittle applied for a housing use permit to construct a 280-unit multi-

family development on the land New Bethel owned.  In its reply brief, New Bethel argues it is reasonable to infer from this allegation that Herman & Kittle had a contract with New Bethel concerning the property.  To survive demurrer, pleading of a claim requires "factual allegations . . . made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.'"  *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 613 (2019) (quoting *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)).  The bare allegation that Herman & Kittle applied for a housing permit on land New Bethel owned, by itself, does not logically give rise to the inference that Herman & Kittle had a contract with New Bethel.  For inferences to satisfy a pleading requirement, they must be "reasonable."  *Id.*  This Court thus finds the second amended complaint did not provide sufficient allegations to warrant such an inference.

Finally, New Bethel never undertook any other action to develop its property in accordance with its housing permit, even though New Bethel consistently alleged its permit remained valid during the time leading up to the redesignation of the land on the future land use map and at the time of the appraisal.  In its brief, New Bethel refers to a document that was not attached to the complaint as support for its contention that the City Council had taken the position that the housing permit had expired.  Because the document was not attached to the complaint and the parties have not stipulated such a document should be considered, this Court will not consider the referenced document. *See Mansfield*, 284 Va. at 121.  Hence, while the second amended complaint consistently alleged New Bethel's housing permit remained valid, New Bethel did not undertake any other action to develop its property.

The second amended complaint inadequately pleaded a claim for inverse condemnation.  The redesignation of the land did not constitute rezoning, and the denial of Herman & Kittle's application did not interfere with New Bethel's ability to exercise property rights.  New Bethel

failed to undertake any action to develop its land even though its housing permit remained valid. Accordingly, the trial court did not err in sustaining the demurrer with prejudice.

## II. Motion for Judicial Notice

"With respect to each assignment of error, the standard of review and the argument—including principles of law and the authorities—must be stated in one place and not scattered through the brief." Rule 5A:20(e). "Rule 5A:20(e) requires that the appellant's *opening brief* include 'principles of law and authorities' supporting each assignment of error." *Moncrieffe v. Deno*, 76 Va. App. 488, 503 (2023) (emphasis added). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" *Parks v. Parks*, 52 Va. App. 663, 664 (2008) (second alteration in original) (quoting *Jay v. Commonwealth*, 275 Va. 510, 520 (2008)).

> Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."

*Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (alteration in original) (quoting *Sneed v. Bd. of Pro. Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)); *see also Alwan v. Alwan*, 70 Va. App. 599, 612 (2019) (holding it is not the court's job to go through the record to fix an appellant's mistake of failing to provide arguments in support of an assignment of error).

New Bethel failed to provide any authority or argument in its opening brief to support its contention that the circuit court erred by denying the motion for judicial notice. Significantly, New Bethel did not explain how granting the motion for judicial notice would have affected the circuit court's ruling. New Bethel's "failure to strictly adhere to the requirements of Rule 5A:20(e) permits

this Court to treat [the] issue as waived." *Winters v. Winters*, 73 Va. App. 581, 597 (2021). Therefore, the assignment of error is waived.

### III. Leave to Amend

The City Council contends New Bethel failed to preserve its assignment of error regarding leave to amend because New Bethel never made any motion for leave to amend. This Court, however, declines to address whether the issue was properly preserved before the circuit court because consideration of the assignment of error was waived on appeal by New Bethel's noncompliance with Rule 5A:20(e). New Bethel did not provide any argument or authority in its opening brief to support its contention that the circuit court erred by denying New Bethel leave to amend. In its reply brief, New Bethel asserts that, from the transcript of the October 11 hearing, it is abundantly clear why the trial court should have allowed leave to amend; nevertheless, New Bethel did not make any argument or raise authority supporting its position in the opening brief, as required by Rule 5A:20(e).

### CONCLUSION

For the foregoing reasons, this Court finds no error. The judgment of the trial court is affirmed.

*Affirmed.*